# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOON BANG, RAZVAN VICTOR BENGULESCU, GERALD BEZEMS, SCOTT CROCKETT, RIFAT GORENER, CHRISTOPHER LESIEUR, LAWRENCE MARCUS, and MIKHAIL SULEYMANOV, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>BMW OF NORTH AMERICA, LLC, BAVARIAN MOTOR WORKS, and DOES 1 through 10, inclusive,<br><br>     Defendants. | Case No. 2:15-cv-06945 (MCA)(LDW) |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT BMW OF NORTH AMERICA, LLC'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT**

Rosemary J. Bruno
Christopher J. Dalton
Daniel Z. Rivlin
Lauren A. Woods
BUCHANAN INGERSOLL & ROONEY PC
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, New Jersey 07102
973-273-9800
Attorneys for Defendant,
 BMW of North America, LLC

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

LEGAL ARGUMENT ..............................................................................................................1

POINT ONE...............................................................................................................................1

    DISMISSAL OF PLAINTIFFS' CLASS ALLEGATIONS IS WARRANTED .......................1

POINT TWO...............................................................................................................................3

    PLAINTIFFS' EXCLUSIVE REMEDY FOR BENEFIT-OF-THE BARGAIN
    DAMAGES IS THE WARRANTY REPAIRS THEY HAVE RECEIVED ..............................3

POINT THREE..........................................................................................................................4

    PLAINTIFFS' STATUTORY CONSUMER-FRAUD CLAIMS FAIL ...................................4

    A.  Dismissal Of Plaintiffs' Nationwide Class Under The NJCFA Is Appropriate....................4

    B.  Plaintiffs Have Not Adequately Alleged Ascertainable Loss ...............................................5

POINT FOUR .............................................................................................................................6

    DISMISSAL OF PLAINTIFFS' WARRANTY CLAIMS IS NOT PREMATURE ................6

    A.  Plaintiffs Cannot Pursue Either A Nationwide Breach-Of-Warranty Class Action
        Or A Nationwide MMWA Class ..........................................................................................6

    B.  Plaintiffs' Express-Warranty And Implied-Warranty Claims Fail Because
        BMW NA Is Fulfilling Its Warranty Obligations And The Vehicles Are
        Merchantable..........................................................................................................................8

CONCLUSION...........................................................................................................................8

**TABLE OF AUTHORITIES**

**CASES**

*Arlandson v. Hartz Mountain Corp.*,
  792 F. Supp. 2d 691 (D.N.J. 2011) .................................................................................... 7

*Asghari v. Volkswagen Grp. of Am., Inc.*,
  42 F. Supp. 3d 1306 (C.D. Cal. 2013) ............................................................................ 7, 8

*Avram v. Samsung Elecs. Am., Inc.*,
  2013 WL 3654090 (D.N.J. July 11, 2013) ......................................................................... 4

*Block v. Jaguar Land Rover North America, LLC*,
  2016 WL 3032682, (D.N.J. May 26, 2016) ....................................................................... 4

*Daugherty v. American Honda Motor Co.*,
  144 Cal. App. 4th 824 (Ct. App. 2006) .............................................................................. 7

*Ehrhart v. Synthes (USA)*,
  2007 WL 4591276 (D.N.J. Dec. 28, 2007) ........................................................................ 1

*Green v. Green Mountain Coffee Roasters, Inc.*,
  279 F.R.D. 275 (D.N.J. 2011) ............................................................................................ 2

*In re Toyota Motor Corp.*,
  790 F. Supp. 2d 1152 (C.D. Cal. 2011) ............................................................................. 3

*In re Vioxx Prods. Liab. Litig. (County of Santa Clara v. Merck & Co.)*,
  861 F.Supp. 2d 756 (E.D. La. 2012) .................................................................................. 4

*Kuzian v. Electrolux Home Products, Inc.*,
  937 F. Supp. 2d 599 (D.N.J. 2013) ................................................................................ 3, 4

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555, 112 S. Ct. 2130 (1992) ................................................................................ 4

*Luppino v. Mercedes-Benz USA, LLC*,
  2013 WL 6047556 (D.N.J. Nov. 12, 2013) ........................................................................ 1

*Maniscalco v. Brother Int'l (USA) Corp.*,
  709 F.3d 202 (3d Cir. 2013) ............................................................................................... 4

*Payne v. FujiFilm, U.S.A., Inc.*,
    2010 WL 2342388 (D.N.J. May 28, 2010) .............................................................................. 7

*Price v. Kawasaki Motors Corp., USA*,
    2011 WL 10948588 (C.D. Cal. Jan. 24, 2011) .................................................................... 7, 8

*Thiedemann v. Mercedes-Benz, USA, LLC*,
    183 N.J. 234 (2005) ......................................................................................................... 3, 5, 8

*T.J. McDermott Trans. Co., Inc. v. Cummins, Inc.*,
    2015 WL 1119475 (D.N.J. 2015) .......................................................................................... 1

## **RULES**

Rule 12(b)(6) ............................................................................................................................ 4, 8

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition ("Plaintiffs' Opp.") incorrectly asserts that Defendant BMW of North America, LLC's ("BMW NA") request for dismissal of Plaintiffs' claims is premature, notwithstanding that all the facts necessary to make that determination are already before this Court.  Ironically, it is Plaintiffs' claims that are premature considering BMW NA has been satisfying its warranty obligations and none of the Plaintiffs has incurred any expense or loss, including the kind of hypothetical engine damage or failure they allege.  Accordingly, this Court does not need to wait and should dismiss Plaintiffs' Consolidated Second Amended Class Action Complaint ("SAC").

**LEGAL ARGUMENT**

**POINT ONE**

**DISMISSAL OF PLAINTIFFS' CLASS ALLEGATIONS IS WARRANTED.**

Plaintiffs' argument that striking class allegations at the pre-answer stage is premature ignores the fact that courts do exactly that when the facts necessary to make that decision are already before the court.  That is the case here.  Plaintiffs attempt to convince this Court there is a bright-line rule mandating denial pre-answer motions that seek to dismiss class allegations; however, the cases relied upon by Plaintiffs establish the opposite.  *See, e.g., T.J. McDermott Trans. Co., Inc. v. Cummins, Inc.*, 2015 WL 1119475 (D.N.J. 2015) ("choice of law issues can be resolved at the motion to dismiss stage, [provided] the district court [has] enough factual information to conduct the choice of law analysis") (internal citation omitted); *see also Ehrhart v. Synthes (USA),* 2007 WL 4591276, at *4-5 (D.N.J. Dec. 28, 2007) (acknowledging "a district court *may* strike class action allegations prior to discovery...") (emphasis added); *Luppino v. Mercedes-Benz USA, LLC,* 2013 WL 6047556, at *3 (D.N.J. Nov. 12, 2013) (a defendant may

move to strike class action allegations where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met). Moreover, BMW NA's moving papers reference numerous additional instances where courts in the District of New Jersey granted pre-answer motions to strike class allegations. (*See* DE 35-1, pp. 16-17.) In furtherance of their unavailing position, Plaintiffs also unsuccessfully attempt to mask the applicability of *Green v. Green Mountain Coffee Roasters, Inc.,* which is directly on point. In particular, Plaintiffs contend that they have alleged common design and/or manufacturing defects, but the same was true in *Green. See Green v. Green Mountain Coffee Roasters, Inc.,* 279 F.R.D. 275, 284 (D.N.J. 2011) ("Green's primary allegation is that Defendants misrepresented that the machines would brew a specific amount of beverage"). Here, exactly as in *Green,* the real issue is the commonality of *experiencing* the alleged defects. *See id.* (finding that common issues did not predominate where members of the class had not suffered pump failure). As set forth in Plaintiffs' SAC and as BMW NA has already demonstrated, Plaintiffs' claimed experiences of the alleged defects are varied: for example, some have experienced *both* the alleged oil consumption defect and battery defect and some have not. Additionally, only two have allegedly incurred any out-of-pocket expense by paying for oil, but the rest have not.[1] (*See* DE 35-1, p. 14.) Since the pleadings make clear that common issues of fact do not predominate, dismissal of Plaintiffs' class allegations is appropriate at this juncture.

---

[1] Plaintiffs even acknowledge the varied nature of their claims. (*See* DE 38, p. 22) ("For example, two Plaintiffs – Plaintiff Suleymanov and Plaintiff Marcus – alleged they paid out-of-pocket for additional quarts of engine oil and have not been reimbursed by Defendants for these purchases"). And this claim ignores they could have gone to a BMW dealership and received oil for free.

## POINT TWO

## PLAINTIFFS' EXCLUSIVE REMEDY FOR BENEFIT-OF-THE BARGAIN DAMAGES IS THE WARRANTY REPAIRS THEY HAVE RECEIVED.

Plaintiffs rebut BMW NA's Article III standing argument on the grounds they allegedly have not received the benefit of their bargains – conveniently, however, Plaintiffs' ignore they are already receiving the remedy for such claimed damages because BMW NA is addressing their issues through warranty coverage.

With the exception of Plaintiffs Marcus and Suleymanov, who voluntarily elected to pay for engine oil instead of going to a BMW dealership and receiving free oil under warranty, Plaintiffs concede they have not alleged any other out-of-pocket monetary damages. (*See* DE 38, p. 22.) Instead, Plaintiffs contend that monetary damages have been sustained in the form of benefit-of-the-bargain damages and diminution in value. In support, Plaintiffs rely upon *In re Toyota Motor Corp.*, but while it is true that standing may exist for such damages, this is only the case where warranty coverage has been denied. *See In re Toyota Motor Corp.,* 790 F. Supp.2d 1152, 1167 (C.D. Cal. 2011) ("[t]he exclusive remedy for those who have experienced a defect or malfunction is to obtain warranty repairs from an authorized dealer"); *see also Thiedemann v. Mercedes-Benz, USA, LLC,* 183 N.J. 234 (2005) (holding that there are no out-of-pocket losses where the repairs were performed under warranty at no cost to the vehicle owners). *In re Toyota Motor Corp.,* is inapposite because BMW NA has been honoring its warranty and the only two Plaintiffs who have claimed monetary damages could have received oil under their warranties if they had elected to take their vehicles to BMW dealerships. Without more, Plaintiffs lack Article III standing and their claims must be dismissed.[2]

---

[2] Any alleged "future" or "hypothetical" damages are merely conclusory allegations and not entitled, without more from Plaintiffs, to consideration at this time. *Kuzian v. Electrolux Home*

3

## POINT THREE

## PLAINTIFFS' STATUTORY CONSUMER-FRAUD CLAIMS FAIL.

### A. Dismissal Of Plaintiffs' Nationwide Class Under The NJCFA Is Appropriate.

Plaintiffs cannot seek to apply the NJCFA nationwide – and it is not too early for the Court to say so. One of the most recent decisions from the District of New Jersey is analogous to the matter presently before this Court -- and supports BMW NA's argument that (1) the NJCFA cannot apply nationwide and (2) this conclusion can be reached at the motion-to-dismiss stage. In *Block v. Jaguar Land Rover North America, LLC,* the court performed a choice-of-law analysis, adopted the reasoning set forth in *Maniscalco v. Brother Int'l (USA) Corp.,* 709 F.3d 202, 206-207 (3d Cir. 2013), and agreed with Jaguar that the NJCFA cannot be applied nationwide simply because the defendant is located in New Jersey. *See Block v. Jaguar Land Rover North America, LLC,* 2016 WL 3032682, at *3 (D.N.J. May 26, 2016).[3] Ultimately, the court in *Block* held that Massachusetts had the most significant relationship to the plaintiff's consumer-fraud claim because the sole connection to New Jersey was the location of Jaguar's headquarters, and dismissed the claim on a Rule 12(b)(6) motion. The same is true here, and

---

*Products, Inc.,* 937 F.Supp.2d 599, 609 (D.N.J. 2013) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ("a plaintiff must have suffered an injury-in-fact, … that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical")).

[3]To the extent that Plaintiffs take issue with the fact that BMW NA failed to reference the contrary decision made in *In re Mercedes-Benz Tele Aid Contract Litigation,* that argument is a stretch, as the reasoning set forth in that opinion and it's underlying case have been criticized by subsequent decisions. *See Maniscalco, supra,* 709 F.3d at 210 ("[w]hile, to be sure, New Jersey has an interest in deterring misconduct by corporations headquartered within its borders, it is far from clear that this interest would be sufficient to outweigh other significant contacts with a plaintiffs home state"); *see also Avram v. Samsung Elecs. Am., Inc.,* 2013 WL 3654090, at *17 (D.N.J. July 11, 2013) ("[m]ore to the point, no subsequent case has followed *Mercedes-Benz*, and many have found that its reasoning went too far"); *see also In re Vioxx Prods. Liab. Litig. (County of Santa Clara v. Merck & Co.),* 861 F. Supp. 2d 756, 765 (E.D. La. 2012) ("that opinion is an outlier").

dismissal is appropriate.[4]  This is certainly so for Plaintiffs' claims that New Jersey law should apply to all Plaintiffs when only one Plaintiff (Suleymanov), although not a resident of New Jersey, purchased his vehicle here.  At best, only Plaintiff Suleymanov's NJCFA claim survives, but that only further serves to support that dismissal of the class allegations is appropriate as the law of multiple states would apply to Plaintiffs' asserted class.[5]  *See* Point One*, supra.*

### B. Plaintiffs Have Not Adequately Alleged Ascertainable Loss.

Plaintiffs contend that they have suffered ascertainable loss in the form of benefit-of-the-bargain damages and diminution in value.  But Plaintiffs' pleadings are not sufficient merely because of the fact that they allegedly suffered such damages.  The principal adopted by the New Jersey Supreme Court in *Thiedemann* is instructive here:

> Essentially, what plaintiffs urge here is that they are entitled to a Mercedes-Benz motor vehicle without any flaws or glitches, without any reasonably-remediable problems, and without any of the ordinary tribulations of automobile ownership or lease: in other words, a perfect car unaffected by the laws of physics and common sense. Plaintiffs are not so entitled, and they may not seek legal remedies because of their unrealistic disappointment.

*Thiedemann,* 183 N.J. at 243 (internal quotation omitted).

And while out-of-pocket losses may not be necessary, in order for Plaintiffs to satisfy the NJCFA's ascertainable loss requirement, Plaintiffs still "must produce evidence from which a factfinder could find or infer that [they] suffered an *actual* loss." *Thiedemann,* 183 N.J. at 248 (emphasis added).  Such loss must be "quantifiable" or "measurable." *Ibid.*  Significantly, even

---

[4] Disingenuously, Plaintiffs argue that they have already suffered economic losses based on their "reasonable expectations" as to service intervals at the time of purchase.  Plaintiffs again ignore that service intervals were subject to change, as clearly set forth in the Service and Warranty Information booklet for each vehicle. (*See* DE 35-1, p. 12.) ("The maintenance items stated herein … are subject to change").

[5] BMW NA says "at best" because, if Suleymanov's NJCFA claim survives this motion -- and it shouldn't -- it would still be subject to a choice-of-law analysis which will likely demonstrate that his home state of New York has the greater interest in seeing its law applied.

taking Plaintiffs' defects allegations as true, "[t]he mere fact that an automobile defect arises does not establish, in and of itself, an actual and ascertainable loss to the vehicle purchaser. Indeed, the warranty provided as part of the contract of sale or lease is part of the benefit of the bargain between the parties. The defects that arise and *are addressed* by warranty, at no cost to the consumer, do not provide the predicate loss that the NJCFA expressly requires ..." *Id.* at 252 (emphasis added). Here, although Plaintiffs do not agree with BMW NA's measures, they have not, and indeed *cannot*, argue that BMW NA has not addressed Plaintiffs' concerns under warranty. Moreover, the New Jersey Supreme Court also rejected, albeit at the summary-judgment stage, unsupported allegations of diminution in value, and similarly declined to accept an argument of "loss" under the NJCFA on the basis that gas was used by the technician in diagnosing the vehicle's problem. *Id.* at 252-253. Here, BMW NA's warranty is addressing Plaintiffs' alleged defects and, in the absence of anything but mere speculation, Plaintiffs have failed to adequately plead actual loss. (*See* DE 35-1, p. 14.)

## POINT FOUR

## DISMISSAL OF PLAINTIFFS' WARRANTY CLAIMS IS NOT PREMATURE.

### A. Plaintiffs Cannot Pursue Either A Nationwide Breach-Of-Warranty Class Action Or A Nationwide MMWA Class.

Plaintiffs wrongly argue that BMW NA has not identified any actual conflicts of law necessitating a choice-of-law analysis. In fact, BMW NA cited case law where courts specifically held that such conflicts exist. (*See* DE 35-1, pp. 23-24.) And, once again, Plaintiffs ignore the facts before the Court and urge for the application of a nonexistent bright-line rule. As set forth above, "[s]ome choice of law issues may not require a full factual record and may be amenable to resolution on a motion to dismiss. As such, courts in this Circuit have sometimes determined that the choice of law analysis in a putative class action can be done at the motion to

6

dismiss stage." *Arlandson v. Hartz Mountain Corp.,* 792 F. Supp. 2d 691, 700 (D.N.J. 2011) (internal citations omitted). Based on the SAC's factual allegations, the Court need not wait until the class-certification stage to make a decision.[6] Because all of the necessary information is before this Court right now -- the states where Plaintiffs' reside, purchased their vehicles, and had their vehicles serviced -- there is no need to wait. It is not too soon to dismiss Plaintiffs' claim for a nationwide breach-of-warranty; indeed, postponing the decision to the class-certification stage won't change the outcome.[7]

Further, Plaintiffs' claims notwithstanding, the MMWA does not create an independent federal cause of action; the MMWA claim is dependent upon a plaintiff's state-law warranty claims. *Price v. Kawasaki Motors Corp., USA,* 2011 WL 10948588, at *7 (C.D. Cal. Jan. 24, 2011), citing *Daugherty v. American Honda Motor Co.*, 144 Cal.App. 4th 824 (Ct. App. 2006) (MMWA calls for application of state written-warranty and implied-warranty laws, not the creation of additional federal law); *see also, Asghari, supra,* 42 F. Supp. 3d at 1340 (dismissing express-warranty claim brought under MMWA because the plaintiffs' state-law express-warranty claims also failed).

---

[6] In *Payne v. FujiFilm, U.S.A., Inc.,* 2010 WL 2342388, at *9 (D.N.J. May 28, 2010), the court performed a choice-of-law analysis with respect to the warranty claims at the class certification stage. The court considered the exact same information that is included in Plaintiffs' pleadings and can be considered by this Court right now, such as where the breaches occurred and the fact that the defendant maintained a service center in New Jersey, and found that because the products were purchased in the class members' home states, those states had the most significant relationship to the contract. *Ibid.*

[7] To the extent that Plaintiffs' MMWA claim is derived from the breach-of-express-warranty claim, it must also fail. *Asghari v. Volkswagen Grp. of Am., Inc.,* 42 F. Supp. 3d 1306, 1340 (C.D. Cal. 2013) (dismissing MMWA claim to the extent that it was based on the breach-of-express-warranty claim).

7

B.  **Plaintiffs' Express –Warranty And Implied-Warranty Claims Fail Because BMW NA Is Fulfilling Its Warranty Obligations And The Vehicles Are Merchantable.**

Plaintiffs contend that *Thiedemann* is not an analogous case, but this is simply not true. In *Thiedemann,* the plaintiffs alleged the exact same future hypothetical diminution-in-value damages that Plaintiffs allege here. *Thiedemann,* 183 N.J. at 252. Moreover, many of the cases cited by Plaintiffs are distinguishable on their facts. *See Price,* 2011 WL 10948588, at *1 (alleging Kawasaki did not make any repairs); *see also Asghari,* 42 F. Supp. 3d at 1338 (where Volkswagen failed to act with respect to vehicles under warranty). Ultimately, the facts before the Court here make clear that BMW NA is fulfilling its warranty obligations. As such, dismissal is appropriate.

## CONCLUSION

For the reasons set forth in BMW NA's Opening Brief and as reinforced above, the Court should dismiss the entirety of Plaintiffs' Consolidated Second Amended Class Action Complaint pursuant to Rule 12(b)(6) for failure to state a claim or, at a minimum, strike Plaintiffs' nationwide class-action allegations.

      Respectfully submitted,

      **BUCHANAN INGERSOLL & ROONEY PC**

      By _s/Daniel Z. Rivlin_____
        ROSEMARY J. BRUNO
        CHRISTOPHER J. DALTON
        DANIEL Z. RIVLIN
        LAUREN A. WOODS
          Attorneys for Defendant
           BMW of North America, LLC

Dated: June 7, 2016