

June 21, 2017

Matthew D. Schelkopf
mds@mccunewright.com
Phone: 610.200.0581
Fax: 610.717.6426

Honorable Steven C. Mannion, U.S.M.J.
United States District Court
U.S. Post Office & Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   *Bang, et al. v. BMW of North America, LLC, et al.*
      Case No. 2:15-cv-06945-MCA-SCM

Dear Judge Mannion:

The Parties submit this joint letter to the Court in an effort to outline and seek resolution of their current discovery dispute pursuant to Local Rule 37.1(a) and this Court's Pretrial Scheduling Order.

### I.   Plaintiffs' Summary of Discovery Dispute

This discovery dispute arises out of Plaintiffs' Opening Discovery to Defendant BMW NA which was served on January 6, 2017. Now, more than six months after service of Plaintiffs' initial written discovery, multiple disputes remain and only limited information has been provided by Defendant to date. Plaintiffs' counsel has attempted to confer with defense counsel on multiple occasions to avoid the necessity of Court intervention. Defendant has responded with piecemeal productions, incomplete responses, and promises of future or "rolling" productions which never come to fruition. Plaintiffs have tried to maintain flexibility in the discovery process; however, Defendant's discovery responses fail to conform to the basic requirements of the Federal Rules of Civil Procedure and subsequent requests for Defendant to cure such failures through timely supplementation have been unsuccessful. Plaintiffs seek an Order of this Court requiring Defendant to provide full and complete[1] responses to Plaintiffs' First Interrogatories and First Request for Production of Documents within ten (10) days and for such other and further relief that the Court deems just and proper under the circumstances.

---

[1] Despite Defendant's failure to lodge timely objections pursuant to Rules 33(b)(2) and 34(b)(2)(A), Plaintiffs do not seek the production of documents protected from disclosure by the attorney-client privilege; however, to date no privilege log has been produced to allow Plaintiffs or the Court to evaluate Defendant's claims of privilege. Accordingly, Plaintiffs request that the Court require Defendant to produce a privilege log, identifying all documents withheld on the basis of privilege, within the timeframe established by the Court for the production of responsive documents/information to Plaintiffs' discovery requests.

3281 East Guasti Road, Suite 100, Ontario, CA  91761          555 Lancaster Avenue, Berwyn, PA 19312          McCuneWright.com
Phone: 909.557.1250 • Fax: 909.557.1275                        Phone: 610.200.0339 • Fax: 610.717.3426

### A. History of Discovery Dispute & Plaintiffs' Efforts to Confer.

On January 6, 2017, Plaintiffs served First Interrogatories and First Request for Production of Documents to Defendant BMW NA. Pursuant to the Revised Pretrial Scheduling Order, BMW's court-extended deadline to respond was February 21, 2017. No answers or responses were provided by that deadline.

On March 28, 2017, more than 30 days after BMW's response deadline had run, Plaintiffs' counsel sent correspondence to defense counsel seeking an explanation for Defendant's delay.[2] Plaintiffs' correspondence noted that BMW's objections had been waived pursuant to Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A) and requested full and complete responses from BMW no later than April 15, 2017. No response to this correspondence was received.

BMW nonetheless represented to the Court in the March 28, 2017, joint letter and subsequent status conference that "BMW NA is beginning a rolling document production, and is finalizing discovery responses to be served within the next week."[3] BMW did not meet its promised deadline, producing only a few service records on March 31, 2017.

Plaintiffs' counsel again inquired as to the status of BMW's responses on April 7, 2017. On April 12, 2017, BMW indicated an update would be provided in "the next day or so." No update was provided; however, two weeks later on April 25, 2017, BMW provided a piecemeal production of warranty records, purchase/lease documents for the named plaintiffs, five Technical Service Bulletins, and some owner's manual and service/warranty booklets which are otherwise publically available.

On April 26, 2017, more than two months after BMW's responses/objections were due, BMW served its first written responses to Plaintiffs' written discovery.[4] Disappointingly, BMW's responses were almost entirely objections. Specifically:

- BMW objected to every interrogatory;
- BMW objected to every request for production;
- BMW did not provided a single substantive response to any interrogatory;
- BMW did not provide responsive documents to 23 requests for production; and
- BMW provided incomplete productions in response to 26 requests for production.

Plaintiffs' counsel wrote to defense counsel on April 26, 2017, to address these deficiencies.[5] Plaintiffs' counsel reminded defense counsel that BMW's objections had been waived due to BMW's failure to timely respond, identified the outstanding discovery in detail, and requested BMW's compliance with the Federal Rules of Civil Procedure no later than May 5, 2017. No response to this correspondence was received.

---

[2] See Plaintiffs' Correspondence dated March 28, 2017, attached hereto as Exhibit A.
[3] See [Doc. No. 67].
[4] Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents are attached hereto as Exhibit B and Exhibit C, respectively.
[5] See Plaintiffs' Correspondence dated April 26, 2017, attached hereto as Exhibit D.

Plaintiffs' counsel wrote defense again on May 19, 2017, in a final attempt to seek BMW's cooperation before the May 30, 2017 status conference.[6] Plaintiffs' counsel again included citations to the relevant authorities confirming that BMW had waived its objections. Plaintiffs' counsel also rebutted each objection lodged by BMW, providing legal support for Plaintiffs' position. BMW did not substantively respond to Plaintiffs' correspondence but promised documents were forthcoming.

Receiving nothing from BMW, Plaintiffs' counsel once again wrote to defense counsel on June 1, 2017, asking for an update concerning Defendant's discovery assurances.[7] In response, BMW produced a spreadsheet of oil consumption claims which BMW intentionally limited to seven states and only those claims with a specific defect description "oil consumption too high" which was categorized by BMW as a "good will" or "warranty" claim.[8] Similarly, on June 8, 2017, BMW produced a spreadsheet of battery claims which BMW limited to seven states, defect code "85100256MP," and the Battery Swap Program, for claims filed between January 1, 2015 and January 28, 2017. On June 16, 2017, the day after being presented with a draft of this joint letter to the Court, BMW produced a second spreadsheet of battery claims from 40 additional states and Puerto Rico (no battery claims were produced for Montana, North Dakota, and Wyoming), also referencing defect code "85100256MP," and the Battery Swap Program.[9] BMW's piecemeal productions, with unilaterally imposed limitations, are unreasonable and inconsistent with the spirit of the discovery process.

BMW has yet to substantively respond to Plaintiffs' interrogatories and, based upon Plaintiffs' review of Defendant's document production to date, BMW has not provided a full and complete response to any of Plaintiffs' document requests.

### B. Discovery Sought

Unfortunately, Plaintiffs are unable to briefly summarize the outstanding discovery from BMW because BMW's responses to *all* of Plaintiffs' First Interrogatories and Request for Production are deficient, in whole or in part. It is well recognized that the federal rules allow broad and liberal discovery. *See In re Madden,* 151 F.3d 125, 128 (3d Cir.1998) (citing *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947)). However, even rudimentary responses concerning the number of potential class vehicles sold in the U.S., an identification of the members of the potential class and class vehicles, and statements of Plaintiffs pursuant to

---

[6] See Plaintiffs' Correspondence dated May 19, 2017, attached hereto as Exhibit E.
[7] See Plaintiffs' Correspondence dated June 1, 2017, attached hereto as Exhibit F.
[8] This limitation intentionally conceals information for all class vehicles from 43 of 50 states, excludes all claims where BMW did not cover the expense of the oil through warranty or as a goodwill write-off, and removes from disclosure any instance were the oil was topped off or changed without a specific indication from the mechanic that the oil consumption was "too high".
[9] Again, BMW's unilaterally imposed limitation on this discovery production is unreasonably restrictive in that BMW is withholding information by failing to provide any information for potential class members' battery complaints which were not covered by BMW's "Battery Swap Program" and/or coded with defect number "85100256MP" and which were made prior to January 1, 2015..

Fed.R.Civ.P. 26(b)(3)(C) have been improperly withheld by BMW.[10] BMW's responses, as a whole, disregard the procedural rules and, given the lengthy history of this dispute, a comprehensive Order from the Court will be required to secure BMW's good faith compliance in the discovery process.

### i. BMW's Objections are Noncompliant with the Federal Rules and Should be Deemed Waived, or in the Alternative, Overruled.

BMW's objections fail to comply with the Fed.R.Civ.P. 33(b)(2)-(4) and Fed.R.Civ.P. 34(b)(2) in each of the following respects[11] and therefore should be deemed waived, or in the alternative, overruled:

**(1) BMW's Objections Are Waived as Untimely.** BMW waived all objections to Plaintiffs' First Request for Production of Documents and Opening Interrogatories due to its untimely response. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); *Brock v. Gerace*, 110 F.R.D. 58, 62 (D.N.J. 1986) (a party who fails to serve a timely objection without good cause waives the right to later raise objections); *Shomide v. ILC Dover, Inc.*, 521 F. Supp. 2d 324, 331 (D. Del. 2007); *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.,* 187 F.R.D. 528, 529 (E.D. Pa. 1999) ("The Federal Rules of Civil Procedure, as well as case law, have established that when a party fails to serve objections to interrogatories and/or document requests within the time required, in absence of good cause or of an extension of time to do so, they have generally waived the right to raise objections later."); *Cleminshaw v. Beech Aircraft Corp*, 21 F.R.D. 300, 301 (D. Del. 1957)(relying upon "line of authority holding that unless a timely objection is asserted, a litigant is precluded from thereafter testing the propriety of the information sought" for deeming untimely objections waived).

BMW failed to assert any objection to Plaintiffs' discovery until more than two months after the deadline set forth in the Federal Rules of Civil Procedure and after multiple requests from Plaintiffs' counsel to respond to the discovery served. BMW should not be permitted to disregard to procedural rules, ignore requests for compliance from Plaintiffs, and then withhold relevant information and documents to Plaintiffs' detriment. BMW's objections should be deemed waived and BMW should be ordered to provide full and complete responses to Plaintiffs' opening discovery.

**(2) BMW improperly served general or blanket objections to <u>all</u> of Plaintiffs' interrogatories and requests.** "Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request." *Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996) (citing *Roesberg v. Johns–Manville Corp.,* 85 F.R.D. 292 (E.D.Pa.1980)). BMW's far reaching application of blanket objections is inconsistent with the purpose of the Federal Rules and the aim of discovery. *See* 8B Fed. Prac. & Proc. Civ. § 2173 (3d ed.) (where a "general objection is interposed in an attempt to insulate from discovery a large quantity of material that includes otherwise discoverable material when only some of the

---

[10] See Exhibit B, Interrogatory Nos. 1-2; Exhibit C, Request Nos. 15, 21.
[11] Each of BMW's failures identified herein provide an *independent* basis for waiver of Defendants' objections and/or overruling Defendant's objections.

material may be protectable, the objection is inconsistent with the aim of discovery and may well be the subject of sanction"). Accordingly, BMW's general objections should be overruled.

**(3) BMW's Objections Lack Requisite Specificity.** BMW's objections were also served in violation of Fed.R.Civ.P. 34(b)(2). None of BMW's objections state with specificity the grounds for the objection sufficient to allow Plaintiffs or the Court to: (1) ascertain how the objection relates to the specific request; (2) what aspect(s) of the request BMW believes is objectionable; and/or (3) what documents/information is being withheld subject to the objection(s). Generalized allegations, without specificity and supporting proof, are insufficient to sustain a party's discovery objection. *Justiano v. G4S Secure Sols., Inc.,* 291 F.R.D. 80, 85 (D.N.J. 2013). "The party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (citing *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa.1980)). Moreover, Rule 34(b)(2)(C) specifically requires the objecting party to "state whether any responsive materials are being withheld on the basis of that objection".

> *To voice a successful objection to an interrogatory [the objecting party] cannot simply intone this familiar litany. Rather, [it] must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive . . . The burden [is upon] the party resisting discovery to clarify and explain its objections and to provide support therefor.*
> ***
> *The federal courts have held time and again that "[g]eneral objections are not proper [and] without more [are] an insufficient basis for refusal to answer." Further, it is the "obligation of the [objecting party] to object with particularity so that the court can ascertain the objectionable character of the discovery request." Failure to meet this obligation "may result in waiver of the objections." "In light of the broad construction given to discovery requests, [the objecting party has] a heavy burden to show why discovery should be denied."*
> Harding v. Dana Transp., Inc., 914 F. Supp. 1084, 1102 (D.N.J. 1996)(internal citations omitted).

Here, BMW's objections fail to meet the requisite standards articulated by the Court in *Harding* and required by the Federal Rules.[12] Moreover, BMW has failed to provide any substantive responses, or at most, provided evasive or incomplete disclosures which should be treated as a failure to respond pursuant Fed.R.Civ.P. 37(a)(3)-(4). BMW's objections should be deemed waived and/or overruled and BMW Ordered to produce full and complete responses to Plaintiffs' discovery requests.

### C. <u>Plaintiffs' Requested Relief.</u>

---

[12] An outline of BMW's generalized objections in relationship to Plaintiffs' interrogatories and requests is set forth in Plaintiffs' May 19, 2017 Correspondence which is attached hereto as <u>Exhibit E</u>, p. 5-7.

Plaintiffs seek full and complete responses to their First Interrogatories and First Request for Production of Documents. Defendant BMW's complete disregard for the procedural rules constitutes an abuse of the discovery process and Plaintiffs' goodwill. Six months have passed since Plaintiffs served their written discovery and the parties have lost valuable time due to Defendant's lack of cooperation. Some deadlines in the Pretrial Scheduling Order have passed and others are quickly approaching without even a proper identification of potential class members by BMW. BMW's obstructive tactics cannot be permitted and promises of future, piecemeal production by BMW will not suffice. Plaintiffs respectfully request an Order from the Court requiring BMW to provide full and complete responses to Plaintiffs' Opening Discovery within a finite period of time with the instruction that failure to comply with the Court's Order will result in sanctions pursuant to Fed.R.Civ.P. 37.

## II.     **Defendant BMW's Summary of Discovery Dispute.**

Plaintiffs have mischaracterized the scope and volume of BMW NA's production to date. In fact, in response to Plaintiffs' discovery demands, BMW NA has produced approximately 13,877 pages of documents. Following production of the first approximately 11,000 pages of documents, and due to the high volume of information requested by Plaintiffs, BMW NA represented during at least two (2) meet and confers that additional documents would be forthcoming on a rolling basis, as it reiterated to Plaintiffs' counsel and advised this Court on May 30, 2017.

BMW NA made a specific point to have Plaintiffs identify the most important documents sought, so that it could produce the information that Plaintiffs deemed to be high priority. Upon receiving a short list of significant information from Plaintiffs, and to the extent possible, BMW NA has diligently worked to produce such information. It is disingenuous for Plaintiffs to now complain about the rolling method of production, as there were no objections made during the meet and confers. Moreover, Plaintiffs erroneously allege that the rolling productions have "never come to fruition", when, in actuality, BMW NA has produced additional responsive documents on a weekly basis since the May 30, 2017 call with the Court, including on: June 2, 2017, June 8, 2017, and June 16, 2017. Not only did BMW NA live up to its promise to produce documents, the documents produced were those that Plaintiffs specifically identified as necessary and important: nationwide warranty and goodwill data for the alleged battery and oil consumption defects. BMW NA produced nationwide data in good faith, despite objecting to production of nationwide data in the absence of class certification, in order to avoid further delay, the potential for the Court's involvement, and to facilitate the agreed-upon mediation between the parties (the parties have already agreed upon a mediator and are working to coordinate the time and location of the mediation).

Plaintiffs – despite indicating they urgently need these documents – have seemingly not even reviewed such productions in full, as they claim that BMW NA only provided oil consumption warranty and goodwill information for the seven (7) class states. In actuality, BMW NA provided nationwide oil consumption goodwill and warranty data as well as

nationwide data for the alleged battery defect. Moreover, BMW NA plans to continue to supplement discovery production with additional documents, including warranty and goodwill data and customer relations data.

 Not only do Plaintiffs ignore and misrepresent the scope of information received to date, much of which was specifically identified by Plaintiffs as important and necessary, but Plaintiffs take issue with BMW NA's discovery responses even though their own responses are essentially the same. Plaintiffs have lodged the same non-specific, broad privilege objection to virtually every one of BMW NA's discovery demands, and have notably also failed to provide a privilege log. Ultimately, both parties must be held to the same standard. As discussed with the Court on May 30, 2017, BMW NA has sought to provide Plaintiffs with the information that Plaintiffs themselves identified as necessary for mediation. BMW NA is doing so.

 Finally, Plaintiffs have failed to articulate any need for the specific identification of potential class members. Indeed, Plaintiffs have already identified the parameters of the potential class and, if and/or when a class is certified, BMW NA will ensure that notice goes to the class members using information obtained from state motor-vehicle registration information.

 Both parties appreciate the Court's assistance in resolving this matter and are prepared to provide the Court with additional information, via telephone conference or otherwise, upon request.

        Respectfully submitted,

        MCCUNE WRIGHT AREVALO, LLP

        */s/ Matthew D. Schelkopf*
        Matthew D. Schelkopf
        Liaison Counsel for Plaintiffs

        BUCHANAN INGERSOLL & ROONEY PC

        */s/ Daniel Z. Rivlin*
        Daniel Z. Rivlin
        Counsel for Defendant
        BMW of North America, LLC

cc: All Counsel of Record