# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOON BANG, RAZVAN VICTOR BENGULESCU, GERALD BEZEMS, SCOTT CROCKETT, RIFAT GORENER, CHRISTOPHER LESIEUR, LAWRENCE MARCUS, and MIKHAIL SULEYMANOV, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC, BAVARIAN MOTOR WORKS, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:15-cv-6945 (MCA)(LDW)<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the settlement of this action pursuant to the settlement agreement fully executed on April 11, 2018 (the "Settlement Agreement" or "Settlement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court has read and considered the Settlement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

1

**NOW, THEREFORE, IT IS ON THIS _____ DAY OF _____, 2018,
ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Settlement, and all terms used in this Order shall have the same meanings as set forth in the Settlement.

2. The Court preliminarily approves the Settlement as being within the realm of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> All persons or entities in the United States, the District of Columbia, and Puerto Rico who currently own or lease, or previously owned or leased, model-year 2009 through 2014 BMW 5 Series, 6 Series, 7 Series, X5 or X6 vehicles that contain the N63 engine. Excluded from the Class are: Defendants, as well as Defendants' affiliates, employees, officers, and directors, attorneys, agents, insurers, third-party providers of extended warranty/service contracts, franchised dealers, independent repair/service facilities, fleet owners and operators, rental companies and vehicles, the attorneys representing Defendants in this case, the Judges and Mediator to whom this case is assigned and their immediate family members, all persons who request exclusion from (opt-out of) the Settlement, vehicles deemed a total loss, anyone claiming personal injury, property damage other than to a Class Vehicle or subrogation, all persons who previously released any

claims encompassed in this Settlement, and vehicles transported outside the United States.

4. The Court appoints Matthew D. Schelkopf and David C. Wright of McCune Wright Arevalo, LLP and Eric D. Barton of Wagstaff & Cartmell LLP as Settlement Class Counsel for the Settlement Class. Any Settlement Class Member may enter an appearance in the action, at their own expense, either individually or through counsel. However, if they do not enter an appearance, they will be represented by Settlement Class Counsel.

5. The Court appoints Plaintiffs Joon Bang, Razvan Victor Bengulescu, Gerald Bezems, Scott Crockett, Rifat Gorener, Christopher LeSieur, Lawrence Marcus, and Mikhail Suleymanov as Settlement Class Representatives.

6. The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The Court also preliminarily finds that certification of the Settlement Class is

appropriate when balanced against the risks of continued litigation.  It further appears that extensive and costly investigation, research, and discovery has been conducted such that counsel for the parties are reasonably able to evaluate the benefits of settlement, which will avoid substantial additional costs to the parties and reduce delay and risks associated with this action.  It further appears that the Settlement has been reached as a result of intensive, arm's-length negotiations using an experienced third-party neutral.

      7.   The Court approves the form and content of the Claim Form (Exhibit A to the Settlement Agreement) and Settlement Class Notice (Exhibit B to the Settlement Agreement).  The Court finds that the mailing of the Settlement Class Notice in the manner set forth in the Settlement, as well as the establishment of a settlement website and toll-free number, satisfies due process.  The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to Settlement Class Notice.  The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to publication if they jointly agree that any such changes are appropriate.  Accordingly, the Court directs the following notice procedures to be effectuated on or before _____ ____, 2018 (sixty (60) days after the date of this Order):

  a. Individual direct mail (first class) notice regarding the Settlement will be sent to all current and former owners and lessees of Class Vehicles using BMW NA's database and information from state motor vehicle agencies obtained by Experian Information Solutions, Inc. or similar provider;

  b. Publication on a website to be established and maintained by the Settlement Administrator; and

  c. The established of a toll-free telephone number.

 8. The Court appoints Rust Consulting as the Settlement Administrator. The Settlement Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including establishing, maintaining, and administering a website dedicated to the Settlement which (i) will provide information about the Settlement including all relevant documents and (ii) will provide a means by which Settlement Class Members may submit their claims by U.S. Mail or email.  At least ten days before the Final Approval Hearing, the Settlement Administrator will provide an affidavit to the Court attesting that Settlement Class Notice was disseminated in a manner consistent with the terms of the Settlement.

 9. If Settlement Class Members do not wish to participate in the Settlement Class, they may exclude themselves.  All requests to be excluded from the Settlement Class must be in writing, sent to the Settlement Administrator, and

postmarked on or before the Opt-Out Deadline, which is _____ _____, 2018 (one hundred and five (105) days after the date of this Order).

      a.    Any request for exclusion must (1) state the Settlement Class Member's full name and current address; (2) identify the model year and Vehicle Identification Number ("VIN") of his/her vehicle(s) and the date(s) of purchase or lease; and (3) specifically and clearly state his/her desire to be excluded from the Settlement and from the Settlement Class. No Request for Exclusion will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any monetary benefits under the settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against BMW and other Released Persons.

10.    Any Settlement Class Member who has not previously submitted a Request for Exclusion may object to the Settlement and appear at the Final Approval Hearing to support or oppose the approval of the Settlement Agreement. All objections and requests to appear at the Final Approval Hearing must be in writing and postmarked on or before _____ ____, 2018 (one hundred and five (105) days after the date of this Order).

      a.    The following information must be provided in the Settlement Class Member's written objection: (1) his/her full name, current address, and current telephone number; (2) the model year of his/her Settlement Class Vehicle(s), as well as the VIN of his/her Settlement Class Vehicle(s) and the date(s) of purchase or lease; (3) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; (4) provide copies of relevant repair history or other proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt); and (5) any other documents that the objector wishes to submit in support of his/her position and of any other documents that the objector wishes to submit in support of his/her position. To be valid, an objection also must include a detailed statement of each objection asserted, including the grounds for objection. In addition, any Settlement Class Member objecting to the Settlement must provide a detailed statement of any objections to any other class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she must affirmatively so state in the written materials provided in connection with the objection to this Settlement.

  b. All objections and requests to appear at the Final Approval Hearing must be sent to the Court as well as to: David C. Wright and Matthew D. Schelkopf, McCune Wright Arevalo, LLP, 555 Lancaster Avenue, Berwyn, PA 19312; and Christopher J. Dalton and Daniel Z. Rivlin, Buchanan Ingersoll & Rooney PC, 550 Broad Street, Suite 810, Newark, NJ 07102.

 11. Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed settlement and any judgment approving the settlement.

 12. The Court hereby schedules the Final Approval Hearing for _____ _____, 2018 at _____ a.m./p.m. (not less than one hundred and twenty (120) days after the date of this Order). The Final Approval Hearing will take place in Courtroom MLK 4A of the United States District Court for the District of New Jersey, Newark Division, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark NJ 07101, to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving the Settlement, and whether Settlement Class Counsel's application for attorneys' fees and for incentive awards to the Settlement Class Representatives should be approved. The

Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

    13. Settlement Class Members shall have until thirty (30) days after the date of the Final Approval Hearing to submit Claim Forms. Claim Forms must be postmarked by that date to be considered timely.

_____<br>
Honorable Madeline Cox Arleo<br>
United States District Judge